# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| **Kilts Resources, LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Case No. 2:10-cv-0544 |
| | § | |
| **Boston Scientific Corporation,** | § | |
| | § | |
| **Defendant.** | § | |

## AGREED FINAL JUDGMENT

Before the Court is Plaintiff and Defendant's Motion for Entry of Agreed Final Judgment. Having considered the matter, the Court enters Final Judgment in this case, disposing with prejudice of all claims that have been or could have been asserted by any party as follows:

1. The Court hereby HOLDS and ORDERS that any and all claims by Plaintiff Kilts Resources, LLC, on behalf of itself and of the United States and the general public, regarding Defendant Boston Scientific Corporation's alleged violations of 35 U.S.C. § 292 based on Defendant's marking of any past or existing product with an expired patent, Defendant's marking of any past or existing product with patents having a scope that does not cover the marked product, or Defendant's marking of any past or existing product with a patent number preceded by language indicating that the product may be covered by one or more of the listed patents or language of similar meaning, are fully resolved and hereby dismissed with prejudice.

2. The Court hereby HOLDS and ORDERS that any future litigation alleging

   violations of 35 U.S.C. § 292 or any other statute related to false marking or false advertising with regard to any past or existing product covered by this Final Judgment that has been manufactured or sold by Defendant, its affiliates, or others within the Defendant's or Participants' respective chain of manufacture and distribution or sales of these same products or substantially similar, including but not limited to affiliates, parent or subsidiary entities, third party wholesale or retail sellers or distributors, suppliers, manufacturers, originators, subassemblers, customers, dealers, or any other person doing business with the Defendant, whether known or unknown to Relator, and their past, present and future officers, directors, stockholders or other ownership interest holders, whether individuals or entities, attorneys, agents, servants, representatives, employees, contractors, subsidiaries, divisions, parents, affiliates, trustees, administrators, partners, predecessors, and successors in interest, insurers or assigns (the "Participants"), prior to the date of this Judgment is barred.

3. The Court hereby HOLDS and ORDERS that Defendant, its affiliates, the Participants, and those acting in concert therewith and/or selling products manufactured or distributed by Defendant and/or affiliates and Participants may sell inventory with packaging that has been manufactured on or before the date of this order without further liability, and that Defendant, its affiliates, the Participants, and those acting in concert with and/or selling products manufactured or distributed by Defendant and/or affiliates and Participants will have a reasonable amount of time in which to correct any Product packaging or advertising materials, and until such corrections are made, that Defendant, its

affiliates, the Participants, and those acting in concert with and/or selling products manufactured or distributed by Defendant and/or affiliates and Participants will be permitted to sell products using the current product packaging or advertising materials without further liability.

4. The Court hereby HOLDS and ORDERS that Plaintiff has the standing to act on behalf of the United States and the general public pursuant to 35 U.S.C. § 292.

5. The Court hereby HOLDS and ORDERS that Plaintiff has a valid statutory assignment of the rights of the United States to pursue the claims in this suit.

6. The Court hereby incorporates by reference the parties' stipulation that the Court shall retain jurisdiction to resolve any disputes regarding the terms of the Confidential Settlement Agreement between them, any action to enforce this agreement, or any action alleging breach of this agreement. The Court hereby HOLDS and ORDERS that it expressly retains jurisdiction to resolve any disputes regarding the terms of the Confidential Settlement Agreement, any action to enforce the agreement, or any action alleging breach of the agreement.

7. The Court hereby HOLDS and ORDERS that each party shall bear its own costs and attorneys' fee associated with this action.

SO ORDERED.

**SIGNED this 24th day of June, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE